# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# BEAUMONT DIVISION

| | | |
|---|---|---|
| WILL ADRIAN SAMUELS | § | |
| VS. | § | CIVIL ACTION NO. 1:12cv554 |
| WARDEN, RAMSEY I UNIT | § | |

## MEMORANDUM OPINION REGARDING VENUE

Plaintiff Will Adrian Samuels, an inmate currently confined in the Ramsey I Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, brings this civil rights action pursuant to 42 U.S.C. § 1983 contesting the conditions of his confinement.

The above-styled action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

## Factual Background

Plaintiff complains of the conditions to which he has been exposed while confined at the Ramsey I Unit. Plaintiff states that he is forced to take showers naked with one hundred other naked men and only thirty shower heads. As a result of complaining about the conditions, plaintiff claims he was placed in solitary confinement and has been denied meals.

## Analysis

The Civil Rights Act, 42 U.S.C. §1981, *et seq.*, under which this case is brought, does not contain a specific venue provision. Accordingly, venue in civil rights cases is controlled by 28

U.S.C. § 1391. *Jones v. Bailey*, 58 F.R.D. 453 (N.D. Ga. 1972), *aff'd per curiam*, 480 F.2d 805 (5th Cir. 1973).

When, as in this case, jurisdiction is not founded solely on diversity of citizenship, 28 U.S.C. § 1391 provides that venue is proper only in the judicial district where the defendants reside or in which the claim arose. Plaintiff's claims arose at the Ramsey I Unit in Rosharon, Texas. Rosharon is located in Brazoria County, Texas. Further, the defendant is employed at the Ramsey I Unit. When public officials are parties to an action in their official capacities, they reside for venue purposes in the county where they perform their official duties, which in this case is Brazoria County, Texas. *Holloway v. Gunnell*, 685 F.2d 150 (5th Cir. 1982); *Lowrey v. Estelle*, 433 F.2d 265 (5th Cir. 1976).

Pursuant to 28 U.S.C. § 124, Brazoria County is in the Galveston Division of the Southern District of Texas. As Brazoria County is located in the Southern District of Texas, venue in the Eastern District of Texas is not proper.

When venue is not proper, the court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). This case should be transferred to the Southern District of Texas, Galveston Division. An appropriate order so providing will be entered by the undersigned.

SIGNED this 30th day of November, 2012.

_____
Zack Hawthorn
United States Magistrate Judge